queathed. He, or the writer of the will, probably supposed that whether he died testate or intestate, she would be entitled to a third part of the residue unless he expressly cut her off, as it is commonly called, or forbid her to take any part of it. This was not necessary, for she could take nothing but by his will, except in case of intestacy. It proves, though, most unequivocally, that as to her he did not die intestate; and that he manifestly intended that she should take nothing as his widow. The amount of his bounty to her was the articles given to her; and beyond those he denies her any share. I cannot conceive how she could possibly take any other part of the personal estate, when he so clearly and intentionally withholds it from her. I am warranted in principle in this opinion; but I am not without authority. In *Brasbridge and others v. Woodroffe*, 2 Atk. 68, it was decreed that, though the executors had legacies, yet as the testatrix had always declared the next of kin should have nothing, the executors should take the undisposed residue; because, as the Master of the Rolls said, if he should give the residue to the next of kin, he should give it contrary to the intention of the testator.

It follows then that as this residue was not given to the executors, and as the widow is not entitled as widow to any portion of it, that it must be distributed among the children of the testator, David Kennedy; and consequently that the account passed before the Register is right.

Appeal dismissed, account confirmed, and appellant to pay costs.

### TATEM and CANBY v. GILPIN and GILPIN.

Court of Chancery. New Castle. August 22, 1817.

*Ridgely's Notebook I, 142.*